[707 NYS2d 279]

In the Matter of Joseph Habib Hobika, Jr., a Suspended Attorney, Respondent.

Fourth Department, May 10, 2000

#### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti,* Syracuse, for Fifth Judicial District Grievance Committee.

*Rossi & Vavonese,* Syracuse (*Emil M. Rossi* of counsel), for respondent.

*Julian & Pertz, P. C.,* Utica (*Robert Julian* of counsel), for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on February 7, 1986 and maintained an office for the practice of law in Utica. On December 23, 1999, respondent was convicted in Syracuse City Court of criminal solicitation in the fourth degree (Penal Law § 100.05), a class A misdemeanor. Respondent was sentenced on December 23, 1999 to a one-year conditional discharge, payment of a fine in the amount of $1,000 and payment of restitution to the County of Oneida in the amount of $22,000. This Court determined that criminal solicitation in the fourth degree is a serious crime pursuant to Judiciary Law § 90 (4) (d), and, on January 26, 2000, respondent was suspended and directed to show cause why a final order of discipline should not be entered (269 AD2d 878). Respondent appeared before the Court and submitted matters in mitigation.

Respondent was the managing attorney in the firm that employed his brother, Luke. Respondent negotiated a lump-sum settlement on behalf of a claimant in a Workers' Compensation case and assigned the file to Luke for the purpose of handling the hearing. When Luke learned that claimant was suffering from cervical cancer and was unable to appear at the hearing, he solicited claimant's sister to impersonate claimant and give sworn testimony at the hearing. Respondent acknowledged that he was aware that claimant's sister intended to appear on her behalf.

We have considered the mitigating factors submitted by respondent. We note that respondent did not solicit the witness to commit perjury or participate in the presentation of perjured testimony. While we do not condone respondent's failure to act when he learned that claimant's sister intended to appear for her, we are persuaded that his misconduct is attributable to inattentiveness resulting from the stress of his workload rather than to an intention to perpetrate a fraud upon an administrative tribunal. Additionally, we note respondent's expression of extreme remorse. After consideration of all of the circumstances, we conclude that respondent should be suspended for three years, effective January 26, 2000, and until further order of the Court.

PIGOTT, JR., P. J., GREEN, PINE, WISNER and SCUDDER, JJ., concur.

Order of suspension entered.